UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Bernice Lee, as Receiver for
MJ Capital Funding, LLC et al.                CASE NO: 0:23-CV-61817-AHS

    Plaintiff(s),

vs.

CHRISTIAN CUESTA,

    Defendant.
_____/

## ANSWER TO COMPLAINT

1. Admitted in part, denied in part. The Defendant admits to being a sales agent for MJ Captial, but does not know the exact amount of funds raised via his job there. Thus, the Defendant is without sufficient knowledge to answer the part of the pleading regarding to the total funds raised, therefore, it is denied,
2. Denied.
3. The defendant is without sufficient knowledge to validly respond to this pleading, therefore it is denied.
4. Denied. Cuesta was a mere salesman for the company, occupying a minor role in the business. Cuesta believed that it was a legitimate business to the extent, he himself invested funds into the business, and had his elderly parents invest funds in the business believing it was a legitimate profitable business entity.

5. Admitted, Cuesta being a sales agent, would read a sales script which was drafted by executives of MJ Capital.

6. Defendant is without sufficient knowledge to anser this pleading, therefore, its is denied.

7. Admitted, Cuesta, having no knowledge of the banking or lending rules, did not know that he needed licesing to be a saled agent for MJ Capital. MJ Capital had a well thought out intention to hire unsophisticated employees who had little to no knowledge of the banking and lendging rules. They purposely did this so employees would not ask questions and were literally "used" as conduits for their criminal empire. (Note, Cuesta was a cable installer prior to working for MJ Capital and had no formal schooling or training in the banking/lending world. This was consistent with almost all of the employees hired to work for MJ Capital.

8. Defendant is without sufficient knowledge to anser this pleading, therefore, its is denied.

9. Admitted in part, denied in part. Cuesta did live in Palm Beach County, but was not a "member of the board." Cuesta was a mere sales agent, and played a minor role, if any in MJ Capital's Ponzi scheme, having little to no knowledge of the baking and lending rules. Cuesta believed MJ Capital was a legitimate business, which is why he invested his life savings into MJ Capital, and went so far as to have his parents invest a substantial investment with MJ Capital, believing it was a legitimate profitable business.

10. Admitted,

11. Defendant is without sufficient knowledge to anser this pleading, therefore, its is denied.

12. Defendant is without sufficient knowledge to anser this pleading, therefore, its is denied.
13. Admitted.
14. Admitted in part, denied in part. The Court does have proper venue and jurisdiction over this case, however the defendant did not know he was doing anything illegal by working as a salesman for MJ Capital, due to his lack of sophistication in the banking and lending world. Therefore, all other allegations aside from jurisdiction, is denied.
15. Denied.
16. Admitted.
17. Admitted.
18. Admitted.
19. Admitted.
20. Admitted.
21. Admitted.
22. Admitted.
23. Admitted.
24. Defendant is without sufficient knowledge to anser this pleading, therefore, its is denied.
25. Not having any knowledge of the banking and lending rules as Cuesta was not educated in banking and lending rules but was a "Cable installer" prior to working for MJ Capital, it is therefore denied.
26. Denied.
27. Defendant is without sufficient knowledge to anser this pleading, therefore, its is denied.
28. Defendant is without sufficient knowledge to anser this pleading, therefore, its is denied.

29. Defendant is without sufficient knowledge to anser this pleading, therefore, its is denied.
30. Defendant is without sufficient knowledge to anser this pleading, therefore, its is denied.
31. Defendant is without sufficient knowledge to anser this pleading, therefore, its is denied.
32. Defendant is without sufficient knowledge to anser this pleading, therefore, its is denied.
33. Denied. Cuesta played a minor role, if any being a sales agent with zero prior experience in the banking/lending field.
34. Denied. Cuesta does not know the exact amount he raised, as only upper echelon executives were privy to such sensitive information.
35. Admitted in part, denied in part. Cuesta would train new sales agents, based on a script provided to him bu upper executives within the company who purposely hired unsophisticated employees with little to no experience in banking and lending. They did such so that employees would not ask any questions, and believed what they were doing was one hundred percent legal.
36. Admitted, Cuesta did such under the demand and control of upper executives of MJ Capital.
37. Admitted.
38. Admitted. Cuesta did so by following orders of MJ Capital upper executives consistent with any large scale business operation.
39. Defendant is without sufficient knowledge to anser this pleading, therefore, its is denied. Cuesta did receive payments from MJ Capital for being a sales associate, but it was no where near the amount stated in the complaint.

40. Admitted.
41. Defendant is without sufficient knowledge to anser this pleading, therefore, its is denied.
42. Denied.
43. Defendant is without sufficient knowledge to anser this pleading, therefore, its is denied.
44. Admitted.
45. Defendant is without sufficient knowledge to anser this pleading, therefore, its is denied. Cuesta had no knowledge of the banking/lending rules and regulations, having no prior experience in the field.
46. Defendant is without sufficient knowledge to anser this pleading, therefore, its is denied.

**WHEREFORE,** having fully answered the complaint, the defendant, by and through the undersigned counsel, hereby requests that the complaint be dismissed with prejudice, and at no other expense to the Defendant,

### CERTIFICATE OF SERVICE

**I HEREBY** certify that the above document was filed via the CM/ECF Portal on this 16th day of February, 2024.

Respectfully submitted,

x/s_____*Paul F. Gerson*__

PAUL F. GERSON, ESQ.

Attorney for Defendant

Fla Bar No: 094365

12555 Biscayne Blvd.

#994

North Miami, Florida 33181

theportlawoffice@gmail.com

Phone: 305-542-4880